624 F.2d 63
 CHURCHILL TRUCK LINES, INC., Dodds Truck Line, Inc., Gordons
Transport, Inc. and Orscheln Bros. Truck Lines,
Inc., Petitioners,
v.
UNITED STATES of America and the Interstate Commerce
Commission, Respondents,
and
Main Line Hauling Co., Inc., Intervenor-Respondent.
 No. 80-1274.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 20, 1980.
Decided July 3, 1980.
Rehearing Denied July 29, 1980.
 
 Alex M. Lewandowski, Griffin, Dysart, Taylor, Penner & Lay, Kansas City, Mo., for petitioners; Frank W. Taylor, Jr., Kansas City, Mo., on brief.
 Lawrence H. Richmond, Atty., I. C. C., Washington, D. C., for respondent; Richard A. Allen, Gen. Counsel, and Kathleen M. Dollar, Deputy Associate Gen. Counsel, Washington, D. C., Sanford M. Litvack, Asst. Atty. Gen. and Robert B. Nicholson and Daniel J. Conway, Attys., Dept. of Justice, Washington, D. C., on brief.
 William H. Shawn, Washington, D. C., for intervenor-respondent, Main Line Hauling Co.
 Before STEPHENSON, HENLEY and McMILLIAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Churchill Truck Lines, Inc., has petitioned this court to set aside an order of the Interstate Commerce Commission granting motor carrier Main Line Hauling Co., Inc.'s application for operating authority over a different route. We deny the petition and enforce the order of the ICC.
 
 
 2
 Main Line has authority to haul general commodities from Memphis, Tennessee to Parkway Village, Missouri the interline location and then to interline with another carrier which hauls the goods on to Kansas City, Missouri. Because of bridge closings by the state of Missouri on Main Line's route between Memphis and Parkway Village, Main Line requested a new interline location Grandview, Missouri to accommodate its interline freight between Memphis, Tennessee and Kansas City, Missouri. The ICC granted Main Line's request[1] and appellant, who holds authority conflicting with the new authority granted Main Line, argues that the ICC erred in its decision.
 
 
 3
 Appellant first criticizes the Review Board for the following allegedly inconsistent language.
 
 
 4
 We believe that the application should be granted. Applicant seeks to operate over an alternate route because the use of certain bridges has been precluded by the State of Missouri. * * *
 
 
 5
 Under the circumstances, the application should be judged by standards no more stringent than those which would apply to alternate route applications for operating convenience only.
 
 
 6
 Appellant further alleges an inconsistency in that the grant of authority did not designate the grant of the application as an "alternate route." From this, appellant argues that the ICC Review Board misconstrued the scope of Main Line's application and incorrectly analyzed the issues.
 
 
 7
 Appellant's argument is logomachy. The reason for the review board's language was to take notice of the fact that while technically Main Line's request was for an additional interline point, the requested change was substantial enough to consider it to be an alternate route request. The board therefore applied the alternate route test, which requires two more factors to be met than does the test for relocation of interline points.
 
 
 8
 The criteria for approving an alternate route application are, in addition to operating economy and efficiency:
 
 
 9
 (a) applicant must presently operate between both termini * * * over a practical and feasible route: (b) applicant must be in competition with the present carriers operating between these termini by reason of handling a substantial amount of traffic; and (c) the competitive situation must remain unchanged if the authority sought is granted. ([2]
 
 
 10
 Hayes Freight Lines, Inc., Extension, Alternate Routes in Mi., 54 M.C.C. 643, 650 (1952).
 
 
 11
 Appellant next contends that the ICC erred in concluding Main Line had met the alternate route criteria and that the ICC failed to follow its own precedent when considering the application.
 
 
 12
 We note that this case is a unique one. The new interline point is so far from the old interline point that an entirely new route is effectively created. However, the ICC was well aware of this situation, and consequently, determined that it would be appropriate to consider the application under the alternate route criteria.
 
 
 13
 Applicant seeks to operate over an alternate route because the use of certain bridges has been precluded by the State of Missouri. The (first) review board shrugs this off on the grounds that applicant can render service over another route by tacking; but, as applicant notes, this route would add an additional hour to serve in each direction. Certainly this is a major detriment to applicant's operations.
 
 
 14
 (A)pplicant has shown that it is a competitor over the route. Considering the size of this carrier, it has shipped a substantial number of shipments, 22 shipments averaging 2,600 pounds in 6 months. Second, the applicant has shown substantial fuel economies through this service. Even though the number of shipments is not large, applicant has shown that the route is more direct. The (first review board) implies that we should ignore evidence of savings because the absolute number of shipments is small and because this route will bring an expanded service which will wipe out any fuel savings. We find this analysis disturbing. We should be concerned with relative fuel efficiency rather than the total number of gallons used. The (first review board's) rationale could be used as an argument against granting any new authority.
 
 
 15
 Finally, there is no evidence that the competitive situation will be materially altered. Applicant is an extremely small carrier which seeks to provide service through interline only, and none of the protestants has shown that this change in operations will materially improve applicant's competitive position. No protestant has shown that there is any danger that applicant will divert a substantial portion of its traffic.
 
 
 16
 Main Line Hauling Co., Extension-Memphis, Tn., No. MC-120181 (Sub-No. 11)F (I.C.C. October 29, 1979).
 
 
 17
 The standard of review in this circuit is as follows:
 
 
 18
 (A) petition for review of a Commission's order will be denied on a summary basis when the order is based on the evidence and supported by a rational judgment of the Commission.
 
 
 19
 Tri-State Motor Transit Co. v. United States, 570 F.2d 773, 777 (8th Cir. 1978) (citing Warren Transport, Inc. v. United States, 525 F.2d 148, 151 (8th Cir. 1975)). On the basis of this standard of review, we affirm the ICC's decision that Main Line fulfilled the criteria necessary for approval of its application.
 
 
 20
 We find no abuse of discretion by the ICC in its grant of Main Line's application. Appellant's petition is denied.
 
 
 
 [1]
 Main Line's application was originally denied, but upon reconsideration, was granted on October 29, 1979
 
 
 [2]
 For an application to relocate an interline point, one need only show, in addition to operating economy and efficiency, criterion (c). Short Freight Lines, Inc., Extension Grand Rapids, Mich., 113 M.C.C. 316, 320-21 (1971)