722 F.2d 380
 BROTHERHOOD OF RAILWAY AND AIRLINE CLERKS, Consolidated
System Board of Adjustment 46; Brotherhood of Railway
Carmen, Burlington Northern Joint Protective Board; Allied
Services Division, Brotherhood of Railway and Airline
Clerks; Brotherhood of Railway Signalmen; General
Committee of Adjustment, United Transportation Union No.
386, Burlington Northern Inc.; Yardmasters of America;
Brotherhood of Locomotive Engineers, Burlington Northern
Inc.; and International Brotherhood of Electrical Workers,
Petitioners,
v.
BURLINGTON NORTHERN INC. and United States of America, Respondents.
 No. 83-1471.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 12, 1983.
Decided Dec. 1, 1983.
 
 Louis A. Harris, Seattle, Wash., Martin M. Lucente, Kirk B. Johnson, Sidley & Austin, Chicago, Ill., for Burlington Northern Inc.
 Richard A. Allen, Gen. Counsel, Lawrence H. Richmond, Atty., I.C.C., Washington, D.C., for I.C.C.
 William F. Baxter, Asst. Atty. Gen., John J. Powers, III, John P. Fonte, Attys., Dept. of Justice, Washington, D.C., John H. Broadley, Gen. Counsel, Robert S. Burk, Deputy Gen. Counsel, Lawrence H. Richmond, Deputy Associate Gen. Counsel, I.C.C., Washington, D.C. for I.C.C. and U.S.
 Patrick J. Foley, DeParcq, Anderson, Perl, Hunegs & Rudquist, P.A., Minneapolis, Minn., for petitioners.
 Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.
 HENLEY, Senior Circuit Judge.
 
 
 1
 This is a petition to review a decision of the Interstate Commerce Commission. In response to a remand order issued in an earlier opinion, the Commission found that Burlington Northern Inc. (BN) was not in "control" of various terminal and switching companies in which it holds an ownership interest. Therefore, the Commission denied the petitions to investigate BN's formation of a holding company. The principal issue on appeal is whether the Commission's decision has a rational basis. We find that it does and affirm.
 
 
 2
 This litigation began when BN announced its intention to transform itself into a holding company. Several labor unions representing BN's employees challenged the transaction before the Interstate Commerce Commission. The Commission denied relief and the Unions petitioned us for review. In Brotherhood of Ry. & Airline Clerks v. Burlington Northern Inc., 671 F.2d 1085 (8th Cir.1982), we affirmed the Commission's use of the "single system" doctrine but remanded for the Commission to determine whether BN's interests in certain terminal and switching companies constitute control so as to confer jurisdiction under 49 U.S.C. Sec. 11343(a)(4).[1]
 
 
 3
 On remand the Commission considered evidence and arguments submitted by both BN and the Unions. The Commission found that since BN lacks the power to dominate the affairs of the nineteen companies in which it owns less than a majority stock interest, BN does not control those companies. In addition, the Commission found that the two companies in which BN owns a majority interest are operated as a part of BN's single system. Therefore, the Commission held it did not have jurisdiction to require prior approval of the holding company transaction.[2]
 
 
 4
 We note initially that our review of the Commission's order is narrow. The parties agree that the Commission's choice in denying jurisdiction is to be upheld unless it is arbitrary and capricious. See 5 U.S.C. Sec. 706(2)(A). "The court is not empowered to substitute its judgment for that of the agency." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 823, 28 L.Ed.2d 136 (1971). Agency action is arbitrary and capricious only where it is not supportable on any rational basis. First Nat'l Bank of Fayetteville v. Smith, 508 F.2d 1371, 1376 (8th Cir.1974), cert. denied, 421 U.S. 930, 95 S.Ct. 1655, 44 L.Ed.2d 86 (1975); Churchill Truck Lines, Inc. v. United States, 624 F.2d 63, 65 (8th Cir.1980).
 
 
 5
 We believe the Commission's decision has a rational basis. The Commission considered detailed and verified documents describing the nature and extent of BN's interests in the companies. These documents delineated, for each individual company, the terms of incorporation, the identities and precise holdings of every shareholder, the directors' and officers' names and corporate affiliations, the composition of committees of the boards of directors, the companies' operations, including relevant portions of operating agreements, the relevant by-laws, and each companies' actual operating practices. The Commission applied its expertise and concluded there was no BN power of control. BN holds interests in the switching companies along with other competing carriers. The Commission took account of the nature of the role performed by these companies and the relationship between the companies and the owning railroads. The Commission found that the switching companies are cooperative ventures specifically designed and operated to preclude domination by any of the proprietary carriers. There is support for this in the record. Each proprietary railroad has an interest in the impartial and nondiscriminatory performance of service by the switching companies. In addition, none of the carriers alone, including BN, holds sufficient voting power to dominate the boards of directors of the companies in question.
 
 
 6
 Petitioners point to BN's participation in the labor negotiations of some of the terminal and switching companies as establishing control and also to BN's veto power, contained in trackage agreements, as giving BN total control by a negative decision. The Commission specifically considered these arguments and found they lacked merit. As for participation in labor negotiations, it appears BN was acting as the companies' agent, upon the switching companies' request; such is not necessarily indicative of control. Furthermore, having a veto power does not necessarily mean a minority interest holder, such as BN, can unilaterally dictate how the company will act.
 
 
 7
 With respect to the two companies in which BN holds a majority interest, the Commission concluded that BN did control them but that they were operated as part of BN's single integrated system. We do not discern any error with the Commission's application of the single system doctrine to these two companies.
 
 
 8
 In short, the Commission considered detailed evidence and all of petitioners' arguments. Its findings of fact are clearly supported by the record and there appear to be no errors of law. We find petitioners' arguments that the Commission's procedures and order were not responsive to our remand order and that the Commission used an inadequate legal definition of control[3] to be without merit. The Commission's conclusion is a permissible one, and we therefore affirm.
 
 
 
 [1]
 We stated:
 The respondent's [BN's] argument on this point may be well taken, but we are at a loss to find any support for it in the Commission's order.... We, as an appellate court, stand ready to defer to the Commission on findings of fact, and, to a limited extent, on conclusions of law. Here, however, the Commission made no specific factual findings or conclusions of law on this issue. We are unwilling to speculate as to the Commission's intentions, and therefore remand for further findings.
 We intimate no opinion as to the extent or nature of the future proceedings necessary to resolve this issue.
 671 F.2d at 1090. For further facts concerning the challenged transaction and the prior procedural history, see id. at 1087-90.
 
 
 [2]
 The Interstate Commerce Act provides that certain corporate transactions can only be carried out with the prior approval of the ICC. One of these regulated transactions is "acquisition of control of at least 2 carriers by a person that is not a carrier." 49 U.S.C. Sec. 11343(a)(4). It is petitioner's argument that BN's proposed transaction would result in the holding company, a non-carrier, controlling the terminal and switching companies
 
 
 [3]
 The Commission adequately defined "control." " 'Control' ... includes actual control, legal control, and the power to exercise control, through or by (A) common directors, officers, stockholders, a voting trust, or a holding or investment company, or (B) any other means." 49 U.S.C. Sec. 10102(7). It includes formal or informal control and artificial tests are not to be used. The courts have charged the Commission with determining, on a case by case basis, whether control exists in a given situation, with due regard for the actualities and current practices of the industry involved. Gilbertville Trucking Co. v. United States, 371 U.S. 115, 125, 83 S.Ct. 217, 223, 9 L.Ed.2d 177 (1962); Alleghany Corp. v. Breswick & Co., 353 U.S. 151, 163-65, 77 S.Ct. 763, 770-71, 1 L.Ed.2d 726 (1957); United States v. Marshall Transport Co., 322 U.S. 31, 38, 64 S.Ct. 899, 903, 88 L.Ed. 1110 (1944). The Commission has done so here and its decision is supported by the record